

LIBERTY & FREEDOM
LEGAL GROUP, LTD

**<u>LETTER VIA e-File System</u>**

August 28, 2025

Office of State Review
New York State Education Department
80 Wolf Road – Suite 203
Albany, New York 12205

<u>Re: Objection to District's Late Answer and Cross-Appeal</u>
IHO Case Number 277285

To whom it may concern:

Our firm represents the Parent/Petitioner in the above-referenced matter. This letter is submitted in opposition to the District's late filing of its Answer and Cross-Appeal on August 27, 2025.

We respectfully request that the Office of State Review ("OSR") reject the District's untimely submission for the following reasons:

1. The deadline for the District to submit its Answer and Cross-Appeal was <u>August 6, 2025</u>**.** The District failed to comply with this deadline.

2. The District sought an extension on <u>August 7, 2025—one day after the filing deadline had already passed.</u> The OSR's own published rules are explicit: *"You must request an extension before the date your Answer is due."*(emphasis in original). The District's request was therefore facially invalid.

3. The Parent expressly objected to the District's untimely request in their letter submission dated <u>August 8, 2025</u>. (enclosed herewith)

4. The District provided no "good cause" reason for its request, as required by OSR guidelines. Further, the District on its own accord—without authorization—granted itself an additional three weeks to file Answer/Cross Appeal.

5. The District asserts that the Student "is NOT currently receiving services pursuant to a pendency (stay-put) placement." However, this position omits critical facts. In *Bruckauf et al. v. Banks et al., 24-cv-05136-LGS,* the District argued in federal court that it had no obligation to make pendency payments until a Pendency Order was issued. The IHO ultimately confirmed that pendency derives from FOFD No. 250764 (Jan. 24, 2024), which awarded tuition, services, and transportation for the Student's non-public school. As this FOFD was unappealed, pendency is indisputable. Any appeal of this determination is frivolous and should not be used to delay required payments.

For these reasons, we respectfully request that the OSR:

1. Deny the District's request for an extension;
2. Reject the District's Answer and Cross-Appeal as untimely (filed more than three weeks late); and
3. Deem the District to have defaulted in its obligation to file a timely response.

In the event the OSR declines to grant the Parent's request, we respectfully ask that the OSR fully address the procedural violations outlined above, consistent with federal and state regulations governing appeals. See 34 C.F.R. § 300.515(b); 8 N.Y.C.R.R. § 200.5(k)(2).

The Parent reserves their rights to seek immediate court intervention to ensure this appeal is conducted in accordance with federal and state regulations as well as timelines since it is critical the Student's Pendency determination is upheld.

We thank you in advance for your time and consideration.

Respectfully submitted,
Marina I. Ali
Liberty & Freedom Legal Group
marina@pabilaw.org



**LETTER VIA e-File System**

August 8, 2025

Office of State Review
New York State Education Department
80 Wolf Road – Suite 203
Albany, New York 12205

RE: IHO Case Number 277285
**OPPOSITION TO EXTENSTION OF TIME REQUEST**

To whom it may concern:

Our firm represents the Parent/Petitioner in the above-referenced matter. This letter is sent in response to the District's letter submitted yesterday afternoon via e-File requesting "… an extension of time to serve and/or file the Answer and Cross Appeal in this matter until August 27, 2025."

We object to this request and we respectfully request the Office of State Review to deny this request for the following reasons:

1. The request was untimely. The rules seeking an extension of time are very clearly articulated on the Office of State Review ("OSR") website, "You must request an extension **before the date your Answer is due.**" (emphasis was NOT added but appears on the OSR's website).[1] Not only did the District fail to request an extension <u>BEFORE</u> their Answer was due, they requested it <u>AFTER</u> their Answer was due.

2. The District was untruthful in its representation to the OSR. The District's counsel contacted me via email at 12:22 p.m., "*May we have your consent for an initial two-week extension?*" I responded within the hour, "*Unfortunately, since the DOE is appealing the Student's Pendency for the 24/25 SY, there is no way we can agree to any extension. Additionally, we request that you send us a draft of any letter you might intend to submit to the SRO, so we can be afforded an opportunity to include the Parent's position on any extension request submitted.*" And District's counsel simply responded, "*It is an auto-generated letter. The generated letter will automatically be sent to you via the SRO's e-filing system.*"
   a. The District immediately thereafter, submitted their extension request for THREE WEEKS, instead of their request for TWO WEEKS!
   b. The District did not provide an opportunity for the Parent's position to be included in their untimely submission, even though we requested to do so.

---

[1] See https://www.sro.nysed.gov/book/d-seeking-extension-time

646-850-5035 | 105 East 34th Street, #190 New York, NY 10016 | LibertyFreedom.law

    c.   The District did not address why they were seeking an additional week from their request to the Parent, which also violates the OSR's own guidelines, "…it is common for parties to seek extensions of time in two-week increments or less because State Review Officers do not customarily grant extensions in longer increments."

3.   The District failed to provide a "good cause reason" for the extension of time, which is a REQUIREMENT. The OSR clearly indicates "… but vacations, general travel plans, and workload considerations alone are rarely considered good cause…". In their ONLY reason for the request, they state "…to review the record and prepare its answer in light of the lengthy record below." The "record" in this matter was fully developed in the underlying administrative case whereas there were only two hearing dates on November 21 and 26, 2024, and a status hearing was held on April 10, 2025 (which concluded on Page 212 of the transcript). Nothing further was until the IHO untimely issued the FOFD on June 27, 2025. This was 360 days AFTER the Due Process Complaint was filed and the Parent's objected throughout the Due Process Hearings for any and all extensions.

4.   While the District currently states the Student "is NOT currently receiving services pursuant to a pendency (stay-put) placement", the District fails to divulge to the OSR that the District had been arguing in Federal District Court that they are not obligated to make any pendency payments for this Student until a Pendency Order was issued without citing to any case law (see 24-cv-05136-LGS *Bruckauf et al v. Banks et al*). The IHO refused to issue an Interim Order of Pendency during the underlying administrative proceedings and only included it in her FOFD. The Pendency determination finally issued by the IHO is uncontroversial and any appeal would be FRIVILOUS,
"At hearing the Parent asserted that pendency lies in the Findings of Fact and Decision ("FOFD") for Case No. 250764 issued on January 24, 2024. Ex. D.  The award in FOFD # 250764 provided an award of payment for Student's non-public school, related services, and transportation costs. Given, that FOFD # 250764 is the last un-appealed FOFD I find the Student is entitled to pendency and award tuition, services, and transportation from the filing of the DPC through the issuance of the FOFD." Now that the IHO finally issued a Pendency determination, the District is refusing to issue payments "pending their appeal of the Pendency order" to the Office of State Review.

5.   The additional harm in delaying the determination of Pendency for this Student for the 2024-2025 extended school year (which is over) has now carried over to the 2025-2026 extended school year (which began a month ago), whereby the District is opposing this Student's Pendency rights again!

We respectfully request the OSR deny the District's request for any extension and thereby they have defaulted on the time to Answer or Cross Appeal.

In the event the OSR denies the Parent's request, we respectfully request the OSR follow federal and state regulations governing appeals, see 34 C.F.R. §300.515(b), as well as 8 N.Y.C.R.R. §200.5(k)(2) to fully document and address the issues raised above.

The Parent reserves their rights to seek immediate court intervention to ensure this appeal is conducted in accordance with federal and state regulations as well as timelines since it is critical the Student's Pendency determination is upheld.

We thank you in advance for your time and consideration.

Respectfully submitted,
Erin Brinkman, Esq.
Liberty & Freedom Legal Group
erin@pabilaw.org