

**LIBERTY & FREEDOM**
**LEGAL GROUP, LTD**

May 21, 2026

VIA CM/ECF

Honorable Jeanette A. Vargas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re: *Crosley etc. v. Samuels et. al.*, No. 1:26-cv-3901-JAV
Request for Date Certain Appearance and Response Deadline on Plaintiff's Motion to Enforce
Stay-Put Rights, Compel Compliance and Order to Show Cause [ECF Nos. 7, 8]

Dear Judge Vargas:

Please recall that this office represents the Plaintiff in the above-entitled cause.  Plaintiff
respectfully submits this letter-motion to request a date-certain schedule for Defendants'
appearance and response to Plaintiff's pending motion to enforce Z.C.'s stay-put rights, compel
compliance with final administrative determinations, require an accounting, and issue an Order
to Show Cause concerning contempt if Defendants do not comply. See ECF Nos. 7, 8.

Plaintiff seeks this relief because the pending motion concerns time-sensitive IDEA stay-put
enforcement.  Delay is not a neutral case-management issue here; it is part of the injury.  Z.C.'s
pendency rights are self-executing under 20 U.S.C. § 1415(j), and Plaintiff's motion seeks
enforcement of Z.C.'s legally established status quo, SRO Decision No. 25-499, continuing
pendency obligations, funding for an independent neuropsychological evaluation, an accounting
and a date-certain compliance schedule.

The procedural timeline is straightforward:

1. On May 11, 2026, Plaintiff filed the Complaint in this action. ECF No. 1.

2. On May 11, 2026, Plaintiff requested issuance of summonses. ECF No. 3.

3. On May 12, 2026, this matter was assigned to Your Honor. ECF No. 4.

4. On May 12, 2026, Plaintiff served the Summons and Complaint on the New York City
   Department of Education, Chancellor Kamar H. Samuels, OATH, and the OATH
   official-capacity defendants.  The Affidavit of Service was filed the same day. ECF No.
   5.  The docket reflects that the answer deadline for those defendants is June 2, 2026.

646-850-5035 | 105 East 34th Street, No. 190, New York, NY 10016  | LibertyFreedom.law

5. On May 14, 2026, Plaintiff filed the pending motion to enforce stay-put rights, compel compliance, require an accounting and seek Order-to-Show-Cause relief. ECF No. 7.

6. On May 14, 2026, Plaintiff filed the supporting memorandum of law. ECF No. 8.

7. On May 19, 2026, Plaintiff sent courtesy copies of the motion, memorandum of law and proposed Order to Show Cause to DOE by email.  That courtesy transmission followed the formal service of the Summons and Complaint and was provided so as to avoid any possible claim that DOE lacked notice of the pending enforcement request.

As of the filing of this letter, no counsel has appeared for DOE or Chancellor Samuels and Plaintiff has received no response to the May 19, 2026 courtesy transmission or other outreach concerning the pending enforcement motion.

Under Local Civil Rule 6.1(b), unless otherwise ordered, answering papers on a civil motion are due within fourteen days after service of the moving papers.  Plaintiff filed the motion papers on May 14, 2026.  Plaintiff respectfully submits that DOE's failure to appear should not operate as an extension of its time to respond to a time-sensitive stay-put enforcement motion, particularly where DOE was formally served with the Summons and Complaint on May 12, 2026 and was later provided courtesy copies of the motion papers on May 19, 2026.

Plaintiff is prepared to file any reply within two days of Defendants' opposition, rather than the default seven days, given the urgency of the stay-put enforcement issues.

Plaintiff therefore respectfully requests that the Court enter a scheduling order, as follows:

1. directing DOE and Chancellor Samuels to enter an appearance by a date certain, preferably within one business day;

2. confirming that DOE and Chancellor Samuels must respond to Plaintiff's motion, ECF Nos. 7–8, by May 28, 2026, or by another expedited date certain set by the Court;

3. directing DOE and Chancellor Samuels to state in their response whether they oppose entry of the proposed Order to Show Cause and whether they dispute their obligation to implement SRO Decision No. 25-499 and Z.C.'s continuing pendency;

4. directing DOE and Chancellor Samuels to identify the DOE office, unit, and responsible personnel presently charged with implementing SRO Decision No. 25-499, Z.C.'s pendency funding, Z.C.'s transportation funding and the independent neuropsychological evaluation ordered by the SRO;

5. setting Plaintiff's reply deadline two days after  the filing of Defendants' opposition; and

6. directing that any request for extension comply with Your Honor's Individual Practices and be supported by a particularized showing, because the pending motion concerns

time-sensitive IDEA stay-put enforcement and continued delay risks further undermining the statutory status quo.

Plaintiff respectfully submits that this requested schedule is appropriate because the pending motion is not an ordinary payment dispute and not a request to begin a new placement.  Plaintiff seeks enforcement of automatic stay-put obligations and final administrative determinations. This Court recently addressed DOE's order-dependent pendency theory in *Crespo v. Aviles-Ramos*, describing DOE's position as "baseless" and "unsupported by the statute, case law, and the governing regulations," and further stating that DOE's repeated position "calls into question whether Defendants are acting in good faith." *Crespo v. Aviles-Ramos*, No. 25-cv-7563 (JAV), ECF No. 38, at 11-14 (S.D.N.Y. Oct. 29, 2025).  The same practical concern is present here: DOE should not be permitted to delay adjudication of an enforcement motion by delaying its appearance after service and courtesy notice have already been provided.

Plaintiff does not seek sanctions through this letter.  Plaintiff seeks only a prompt, orderly, date-certain schedule so that the Court may decide the pending enforcement motion on a complete record without allowing delay itself to frustrate the stay-put protections at issue herein.

Respectfully submitted,

/s/ *Jeffrey Arlen Spinner*
Jeffrey Arlen Spinner Esq.
Liberty & Freedom Legal Group Ltd.
*Attorneys for Plaintiff*
105 East 34th Street, No. 190
New York, New York 10016
jeff@pabilaw.org
Tel. (646) 850-5035

cc: All counsel of record (via CM/ECF)