UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
CRYSAL CROSLEY, et al.,                          :
:
                          Plaintiffs,            :           26-CV-03901 (JAV)
:
          -v-                                    :           MEMORANDUM
:           OPINION AND ORDER
KAMAR H. SAMUELS, et al.,                         :
:
                          Defendants.            :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

This case arises under the so-called "pendency" or "stay-put" provision of the

Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Section 1415(j)

of the IDEA provides that, "during the pendency of any proceedings," the child is

entitled to "remain in [their] then-current educational placement" at public

expense. 20 U.S.C. § 1415(j). The "then-current educational placement" is the one

either "provided for in the last educational program to which her parents and the

[school district] both agreed" or in a final unappealed administrative decision that

"adjudicat[ed] the IEP dispute in the parents' favor." *Moonsammy v. Banks*, No. 24-

CV-02616 (PAE), 2024 WL 2831042, at *6 (S.D.N.Y. June 3, 2024) (citations

omitted). Accordingly, the stay-put provision "require[s] a school district to

continue funding [the then-current] educational placement . . . until the relevant

administrative and judicial proceedings are complete." *Mendez v. Banks*, 65 F.4th

56, 61 (2d Cir. 2023) (citation omitted), *cert. denied*, 144 S. Ct. 559 (2024).

The Liberty and Freedom Legal Group, counsel for Plaintiffs, is a frequent

litigator in this District.  In the past few years, it has brought a number of cases

nominally on behalf of children (like the Plaintiff in this case) attending the

International Academy for the Brain ("iBRAIN").  These cases follow a pattern.  The

plaintiffs maintain that the IDEA's stay-put provision automatically entitles the

student to immediate payment of educational costs incurred during pendency, even

though the Second Circuit in *Mendez v. Banks*, 65 F.4th at 62, "has already made it

abundantly clear that the stay-put provision . . . does not create an entitlement to

immediate payment unless the parents establish that a delay or failure to pay

jeopardizes their child's educational placement."  *Mendez v. Aviles-Ramos*, No. 25-

CV-05746 (CM), 2025 WL 3033725, at *1 (S.D.N.Y. Oct. 30, 2025).

The vast majority of these iBRAIN cases are accompanied by multiple

motions for emergency relief under Rule 65 seeking, *inter alia*, immediate payment

from the New York City Department of Education ("DOE").  These motions are then

denied as meritless.  *See Mendez*, 2025 WL 3033725, at *1 (citing cases).  As Judge

McMahon of this District has admonished,

> This Court is being flooded with iBRAIN cases in which
> the same lawyers demand court-ordered immediate
> payment of pendency amounts that DOE disputes or is in
> the process of challenging–despite the Second Circuit's
> clear and repeated instruction that the stay-put provision
> does not entitle iBRAIN parents, let alone iBRAIN, to
> immediate payment *pendente lite* absent a child-specific
> showing that nonpayment jeopardizes the student's
> placement.  As a result, judges have had occasion to
> consider Mr. Bellantoni's innumerable requests for
> emergency relief.

*Mendez v. Aviles-Ramos*, No. 25-CV-05746 (CM), 2026 WL 1383386, at *4 (S.D.N.Y.

2

May 18, 2026) (cleaned up). Her perspective is representative—judges in this District have repeatedly rebuked the plaintiffs in such cases for their requests for immediate tuition reimbursement, which fail to meet the standard for relief under Rule 65. *See, e.g., Fiallos v. Aviles-Ramos*, No. 25-CV-07281 (JMF), 2025 WL 2961624, at *5 (S.D.N.Y. Oct. 20, 2025) ("It is not surprising, therefore, that courts have routinely denied Fiallos's counsel's regular requests for emergency preliminary relief."); *Ramos v. Banks*, No. 24-CV-05109 (LGS), 2025 WL 1455703, at *8 (S.D.N.Y. May 21, 2025), *aff'd in part, appeal dismissed in part,* No. 25-01321, 2026 WL 1346852 (2d Cir. May 14, 2026); *Otero v. Aviles-Ramos*, No. 25-CV-02773 (PAE), 2025 WL 2078950, at *6 (S.D.N.Y. July 24, 2025).

In the face of these repeated failures, the Liberty and Freedom Legal Group now brazenly attempts a new strategy. They disclaim any reliance upon Rule 65. ECF No. 8 at 1. Instead, counsel bring a "motion to compel" compliance with the "automatic" injunction that is established by IDEA's stay-put provisions. ECF No. 7, ¶ 1. As relief, Plaintiffs seek an order requiring DOE to "to fund Z.C.'s 2024-2025 pendency placement, including iBRAIN tuition, related services, required supports, and Sisters transportation," "compelling DOE to maintain Z.C.'s continuing 2025-2026 pendency placement, including iBRAIN tuition, related services, required supports, and Sisters transportation, while the 2025-2026 proceedings remain pending;" setting a "date-certain deadline for DOE's compliance," and an order "requiring DOE to show cause why continued noncompliance should not result in a finding of civil contempt and coercive sanctions." *Id.*, ¶¶ 3, 6, 9, 10.

3

This motion is nothing more than a transparent attempt to evade the requirements of Rule 65. As the Second Circuit explained mere weeks ago, in a summary order in yet another case brought by the Liberty and Freedom Legal Group, "when parents can show that the school district's failure to pay for an educational placement jeopardizes that placement for the school year in question, they can bring unexhausted claims in federal court and *seek injunctive relief*." *Ramos*, 2026 WL 1346852, at *2 (emphasis added). Plaintiffs did not bring a motion for such injunctive relief, nor does the record show any basis to do so.

Even had Plaintiffs attempted to proceed under Rule 65, the motion would be denied. The 2024-2025 school year has already concluded. Any claim for an injunction with respect to the 2024-2025 school year is moot. *Ramos*, 2026 WL 1346852, at *3 ("Because the 2024-2025 school year has ended, Plaintiffs-Appellants cannot now claim that any child's placement at iBrain for that school year is at risk.").

Moreover, even were the Court to accept Plaintiffs' theory that the automatic injunction of Section 1415(j) is self-executing and can be enforced through the mechanism of a motion to compel, Plaintiffs have not established that they are entitled to the benefit of the "automatic injunction" of Section 1415(j) with respect to the 2025-26 school year, which ends on June 26, 2026. *See* ECF No. 1-5. As noted, the automatic injunction only mandates payment when the student's educational placement is in jeopardy. *Mendez*, 65 F.4th at 63; *see, e.g.*, *Ramos*, 2025 WL 1455703, at *8 ("If the lack of expedited payment has jeopardized the student's

4

educational placement . . . and expedited payment would have restored the student's education access, the stay-put provision may grant the student an automatic injunction to obtain expedited payment.  Here, without imminent disenrollment, the automatic injunction standard does not apply." (cleaned up)).  Nothing in the record suggests that Z.Q.'s placement for the remaining three weeks of the current school year is in any jeopardy.

Finally, "[a]s to their request for civil contempt, Plaintiffs fail to identify any orders of this Court with which Defendants have failed to comply."  *Abreu v. Aviles-Ramos*, No. 25-CV-05499 (RA), 2026 WL 1257846, at \*2 (S.D.N.Y. May 7, 2026).  Accordingly, the motion for contempt is denied.

## CONCLUSION

Plaintiffs' motion to compel is **DENIED**.  The Clerk of Court is directed to terminate ECF Nos. 7, 9.  In accordance with the Court's May 27, 2026 order, ECF No. 12, the parties shall confer regarding a briefing schedule for summary judgment motions so that the merits of this matter can be addressed in a streamlined fashion.

SO ORDERED.

Dated: June 4, 2026
    New York, New York
                                    JEANNETTE A. VARGAS
                                    United States District Judge