UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CRYSAL CROSLEY, et al., Plaintiffs, -v- KAMAR H. SAMUELS, et al., Defendants. | : | 26-CV-3901 (JAV) ORDER AND CASE MANAGEMENT PLAN |

JEANNETTE A. VARGAS, United States District Judge:

On June 18, 2026, Plaintiffs moved for an extension of time, from June 25, 2026, to July 9, 2026, to file an amended complaint in response to the motion to dismiss filed by the New York State Education Department, the Office of State Review, and Betty A. Rosa (collectively, the "State Defendants"). ECF No. 20. The Court did not grant that extension. Nonetheless, on July 9, 2026, Plaintiffs filed an amended complaint without leave of the Court. ECF No. 24.

Separately, on July 9, 2026, the City Defendants moved for an extension of time to file its response to the original Complaint. ECF No. 23.

Also pending before this Court is Plaintiffs' motion for a conference to discuss the Defendants' purported failure to confer regarding ways in which to narrow or consensually resolve this matter. ECF Nos. 22-23.

Plaintiffs are admonished that, unless the Court affirmatively grants an extension of time, the deadline remains in place. A request for an extension does not toll the deadline. The Court will nonetheless, as a courtesy, grant Plaintiffs a

*nunc pro tunc* extension of the deadline to file an amended complaint pursuant to Rule 15(a)(2). The Amended Complaint is therefore the operative pleading in this case.

By **August 20, 2026**, the State Defendants shall: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter on ECF stating that they rely on the previously filed motion to dismiss. If the State Defendants file an answer or a new motion to dismiss, the Court will deny the previously filed motion to dismiss as moot. If the State Defendants file a new motion to dismiss or indicate that they rely on their previously filed motion to dismiss, any opposition shall be filed by **September 3, 2026**, and any reply shall be filed by **September 10, 2026**.

By **August 20, 2026**, the City Defendants' response to the Amended Complaint will likewise be due. If the City Defendants file a motion to dismiss, any opposition shall be filed by **September 3, 2026**, and any reply shall be filed by **September 10, 2026**.

In a joint letter submitted on June 10, 2026, the State Defendants sought a stay of discovery on the grounds that it had filed a motion to dismiss. ECF No. 18. A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*,

2009 WL 2777076, at *1 (S.D.N.Y. 2009)). "Good cause" is assessed through the application of the following three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010); *Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). "The burden of showing good cause . . . falls on the party seeking the order" for a stay of discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted). The State Defendants did not attempt to make the required showing, and thus the request for a stay of discovery is denied.

The Court imposes the following case management plan:

All initial disclosures shall be served by August 7, 2026.

Initial requests for production of documents and interrogatories shall be served by August 14, 2026.

Fact discovery is to be completed by October 9, 2026.

By October 23, 2026, the parties will submit a post-fact discovery joint status letter, as outlined in Section 8(d) of the Court's Individual Rules and Practices in Civil Cases.

Plaintiffs' motion for a conference is denied. The Clerk of Court is directed to terminate ECF Nos. 20, 21, 22, and 23.

SO ORDERED.

Dated: July 23, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge