UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

CRYSAL CROSLEY, individually and as Parent
and Natural Guardian of Z.C., a student with a
disability,

Plaintiff,

-against-

KAMAR H. SAMUELS, in his official capacity
as Chancellor of the New York City Department
of Education; NEW YORK CITY
DEPARTMENT OF EDUCATION; OFFICE OF          26-CV-03901 (JAV)
ADMINISTRATIVE TRIALS AND
HEARINGS; VILDA VERA MAYUGA in her
official capacity as Commissioner and Chief
Administrative Law Judge of the Office of
COMPLAINT Administrative Trials and
Hearings; NOEL R. GARCIA in his official
capacity as Deputy Commissioner of OATH's
Special Education Hearings Division; WILLIAM
STEWART, in his official capacity as Assistant
Commissioner of OATH's Special Education
Hearings Division; NEW YORK STATE
EDUCATION DEPARTMENT; OFFICE OF
STATE REVIEW, as part of the New York State
Education Department; and BETTY A. ROSA, in
her official capacity as Commissioner of
Education of the State of New York,

Defendants.

-------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF THE STATE DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8674

ELIZABETH McCULLOUGH-SANDEN
Assistant Attorney General
    *of Counsel*

## TABLE OF CONTENTS

**Page (s)**

TABLE OF AUTHORITIES ....................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF THE CASE................................................................................................ 2

    I.      SPECIAL EDUCATION IN NEW YORK STATE....................................................... 2

    II.     PLAINTIFF'S ALLEGATIONS ................................................................................ 4

ARGUMENT ........................................................................................................................... 8

    I.      PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE THE CLAIM AGAINST THE STATE DEFENDANTS.................................................................... 8

    II.     THE AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST THE STATE DEFENDANTS UNDER RULE 12(b)(6) BECAUSE THE STATE DEFENDANTS ARE NOT PROPER PARTIES TO THIS CASE ........................... 12

    III.    THE AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST THE STATE DEFENDANTS UNDER FRCP 20-21 BECAUSE THE STATE DEFENDANTS WERE NOT PROPERLY JOINED IN THIS CASE ...................... 16

    IV.    PLAINTIFF'S STATE CONSTITUTIONAL CLAIMS FAIL AS A MATTER OF LAW .................................................................................................................... 20

CONCLUSION...................................................................................................................... 21

WORD CERTIFICATION .................................................................................................... 22

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.A. v. Bd. of Educ., Cent. Islip Union Free Sch. Dist.*,
   196 F. Supp. 2d 259 (E.D.N.Y. 2002) ...............................................................................11, 15

*Adrian R. v. N.Y.C. Bd. of Educ.*,
   2001 WL 1175103 (S.D.N.Y. Oct. 2, 2001) .........................................................................13

*Ascent: a Sch. for Individuals With Autism v. New York State Educ. Dep't*
   2019 WL 2439431 (E.D.N.Y. Mar. 4, 2019) ........................................................................13

*Avaras v. Clarkstown Cent. Sch. Dist.*,
   2018 WL 4964230 (S.D.N.Y. Oct. 15, 2018) ..................................................................12, 13

*Avaras v. Clarkstown Cent. Sch. Dist.*,
   2019 WL 4600870 (S.D.N.Y. Sept. 21, 2019)........................................................................14

*Avila v. 1212 Grant Realty, LLC*,
   2019 WL 4805333 (S.D.N.Y. Sept. 30, 2019).........................................................................4

*B.J.S. v. State Educ. Dep't*,
   699 F. Supp. 2d 586 (W.D.N.Y. 2010) ..................................................................................12

*Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*,
   290 F.3d 476 (2d Cir. 2002)...................................................................................................15

*Bruschini v. Bd. of Educ. of Arlington Cent. Sch. Dist.*,
   1995 WL 807107 (S.D.N.Y. May 16, 1995) ..........................................................................13

*Burlington Sch. Comm. v. Dep't of Educ. of Massachusetts*,
   471 U.S. 359 (1985)................................................................................................................15

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)..................................................................................................................10

*De Paulino v. NY City Dep't of Educ.*,
   2019 WL 2499204 (S.D.N.Y. May 31, 2019) ..................................................................12, 13

*Doe v. State Univ. of New York Purchase Coll.*,
   617 F. Supp. 3d 195 (S.D.N.Y. 2022).....................................................................................20

*Dorian G. v. Sobol*,
    1994 WL 876707 (E.D.N.Y. Jan. 28, 1994) ...........................................................................13

*IntegrateNYC, Inc. v. State*,
    45 N.Y.3d 176 (2025) ............................................................................................................21

*J.E. v. Chappaqua Cent. Sch. Dist.*,
    2015 WL 4934535 (S.D.N.Y. Aug. 17, 2015) .......................................................................12

*Knight v. City of New York*,
    164 F.4th 173 (2d Cir. 2026) ..................................................................................................8

*Larach-Cohen v. Porter*,
    2021 WL 1203686 (S.D.N.Y. Mar. 30, 2021) .......................................................................13

*Mr. & Mrs. B v. Bd. of Educ. of Syosset Sch. Dist.*,
    1998 WL 273025 (E.D.N.Y. Jan. 15, 1998) .........................................................................14

*Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*,
    894 F.3d 95 (2d Cir. 2018).....................................................................................................8

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)............................................................................................ 10-11

*Pennhurst State Sch. & Hosp. v. Halderman*,
    465 U.S. 89 (1984)................................................................................................................11

*Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*,
    288 F.3d 478 (2d Cir. 2002)..................................................................................................11

*Ramos v. Banks*,
    2025 WL 1455703 (S.D.N.Y. May 21, 2025) .......................................................................21

*Rimini v. J.P. Morgan Chase & Co., et al.*,
    2025 WL 3059591 (S.D.N.Y. Nov. 3, 2025).........................................................................16

*Schuler v. Bd. of Educ. of Cent. Islip Union Free Sch. Dist.*,
    2000 WL 134346 (E.D.N.Y. Feb. 1, 2000)...........................................................................20

*Stein v. U.S. Dep't of Educ.*,
    2019 WL 13221255 (E.D.N.Y. May 22, 2019) .....................................................................17

*Sterling Select II Advisory, LLC v. Argus Info. and Advisory Svcs., Inc.*,
    2026 WL 734047 (S.D.N.Y. Mar. 16, 2026) .........................................................................16

*Stratton Grp., Ltd. v. Sprayregen*,
    458 F. Supp. 1216 (S.D.N.Y. 1978)................................................................16

*Thole v. U.S. Bank N.A.*,
    590 U.S. 538 (2020)........................................................................................9

*United States ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*,
    8 F. Supp. 3d 339 (S.D.N.Y. 2014) ........................................................17, 20

*Wenger v. Canastota Cent. Sch. District*,
    979 F. Supp. 147 (N.D.N.Y.1997)................................................................15

*Y.D. v. N.Y.C. Dep't of Educ.*,
    2016 WL 698139 (S.D.N.Y. Feb. 19, 2016)...........................................12, 13

*Yamen v. Bd. of Educ. of Arlington Cent. Sch. Dist.*,
    909 F. Supp. 207 (S.D.N.Y. 1996) ..............................................................13

*Zafrani v. Aviles-Ramos, et al.*,
    2026 WL 1470236 (S.D.N.Y. May 26, 2026) ..........................................9, 10, 15

**State Constitution**

N.Y. Const.
    art. XI, § 1 ......................................................................................................20
    art. XIII ....................................................................................................... 8-10

**State Statutes**

N.Y. Educ. Law.
    § 4404(1)(a) .....................................................................................................3
    § 4404(1)(c) .....................................................................................................3
    § 4404(2).................................................................................................... 3-4, 19
    § 4404(3)...........................................................................................................4
    § 4404(4)(a) .....................................................................................................4

**Federal Statutes**
20 U.S.C.
    § 1400, *et seq.* ................................................................................................2
    § 1412(a).........................................................................................................2
    § 1415(b)(6) ....................................................................................................3
    § 1415(f)(1)(A) ...............................................................................................3
    § 1415(f)(2)......................................................................................................3
    § 1415(g)..........................................................................................................3

§§ 1415(h)(1)-(3) ........................................................................................................3
§ 1415(i)(1)(A)............................................................................................................3
§ 1415(i)(1)(B) ...........................................................................................................4
§ 1415(i)(2)(A)............................................................................................................4
§ 1415(i)(2)(C) ...........................................................................................................4
§ 1415(j)......................................................................................................................4

## State Regulations

8 N.Y.C.R.R.
§ 200.1(x)....................................................................................................................3
§ 200.2(b)(9) ..............................................................................................................3
§ 200.2(e)(1) ...............................................................................................................3
§ 200.5(i)......................................................................................................................3
§ 200.5(i)(1) ................................................................................................................3
§ 200.5(j)......................................................................................................................3
§ 200.5(j)(3) ................................................................................................................3
§ 200.5(j)(3)(v) ...........................................................................................................3
§ 200.5(j)(3)(vii) ........................................................................................................3
§ 200.5(j)(3)(xii) ........................................................................................................3
§ 200.5(k).............................................................................................................4, 19
§ 200.5(k)(2) .....................................................................................................4, 9, 14
§§ 279.1-279.14 ...................................................................................................4, 19
§ 279.10(d)..................................................................................................................4
§ 279.10(e) .........................................................................................................4, 9, 14

## Federal Regulations

34 C.F.R.
§ 300.507....................................................................................................................3
§ 300.511....................................................................................................................3
§§ 300.512(a)(1)-(4) ...................................................................................................3
§ 300.514(b)................................................................................................................3
§ 300.514(d)................................................................................................................4
§ 300.516....................................................................................................................4

## Rules

Fed. R. Civ. P.
12(b)(1) ................................................................................................................... 1-2
12(b)(6) ................................................................................................................... 1-2
20.......................................................................................................................1-2, 16
20(a)(2) ...............................................................................................................17, 20
21....................................................................................................................1-2, 17

v

Defendants New York State Education Department, Office of State Review, and Dr. Betty A. Rosa, the New York State Commissioner of Education (collectively, the "State Defendants"),[1] respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint, filed on July 9, 2026 (ECF No. 24), pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(1), 12(b)(6), and 20-21.

## PRELIMINARY STATEMENT

Plaintiff, the parent and guardian of Z.C. a student with a disability, brings this action claiming that the New York City Department of Education ("NYCDOE") failed to implement Z.C.'s pendency placement, which denied Z.C. a free appropriate public education ("FAPE"), as required by the Individuals with Disabilities Education Act ("IDEA"), for the 2024-25 and 2025-26 school years. Plaintiff relies on a January 24, 2024 independent hearing decision which maintained Z.C.'s placement at the International Institute for the Brain ("iBRAIN"), and instructed the NYCDOE to fund Z.C.'s tuition, educational services, and transportation. Plaintiff filed an administrative due process complaint against the NYCDOE on July 2, 2024 invoking pendency placement for Z.C. at iBRAIN and seeking, *inter alia*, an order requiring the NYCDOE to fund Z.C.'s placement during the pendency of the due process proceeding. An Impartial Hearing Officer ("IHO") found iBRAIN as an appropriate placement for Z.C. and ordered NYCDOE to fund all tuition and services expenses, as well as transportation services. Plaintiff appealed parts of the decision regarding transportation and the neuropsychological evaluation to a State Review Officer ("SRO"). On April 28, 2026, prior to the end of the 2025-26 school year, the SRO granted Plaintiff's appeal, which maintained Z.C.'s pendency placement at

---

[1] The Office of State Review is not a legally cognizable entity separate from the New York State Education Department.

iBRAIN, and ordered NYDCOE to fund Z.C.'s tuition, services, transportation, and independent neuropsychological evaluation.

As discussed below, Plaintiff's Amended Complaint must be dismissed as against the State Defendants. *First*, Plaintiff has no standing to bring any claim against the State Defendants because she has not alleged any injury the State Defendants can redress. *Second*, State Defendants are not proper parties to what is essentially a dispute between Plaintiff and the NYCDOE regarding the proper educational placement of a particular student and past payments due for tuition and services. And *third*, the State Defendants are improperly joined in this action because Plaintiff's claim that NYCDOE denied Z.C.'s pendency rights under the IDEA, and thus denied her FAPE, is entirely separate and distinct from her claim against the State Defendants, which is limited solely to her claim that the extension of time granted by the SRO violated Z.C.'s rights and incurred financial injury. As a result, Plaintiff's Amended Complaint is subject to dismissal as against the State Defendants on three independent grounds: (i) standing and sovereign immunity, and thus lack of subject matter jurisdiction under FRCP 12(b)(1); (ii) failure to state a claim under FRCP 12(b)(6); and (iii) improper joinder of a party under FRCP 20-21.

**STATEMENT OF THE CASE**

**I.      SPECIAL EDUCATION IN NEW YORK STATE**

The IDEA, 20 U.S.C. § 1400, *et seq.*, is a federal legislative framework that funds and regulates the education of children with disabilities. Federal assistance to states under the IDEA is conditioned upon the existence of policies and procedures to ensure that children with disabilities are provided certain substantive opportunities, including access to a FAPE, and procedural protections. *See* 20 U.S.C. § 1412(a). Responsibilities are divided between local educational agencies, such as the NYCDOE, which in most cases directly provides special

2

education programs and services (*id.* § 1413(a)), and state educational agencies, such as the State Defendants, which exercise general supervisory authority (*id.* § 1412(a)(11)(A)).

Under the IDEA and parallel New York State law, parents may file a due process complaint on any matter relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child. *See* 20 U.S.C. § 1415(b)(6); 34 C.F.R. § 300.507; N.Y. Educ. Law. § 4404(1)(a); 8 N.Y.C.R.R. § 200.5(i)(1). New York State has specifically implemented a two-tiered system of administrative review to address due process complaints. First, parents may serve a due process complaint on the local school district and request an "impartial due process hearing" conducted by an assigned IHO. *See* 20 U.S.C. § 1415(f)(1)(A); 34 C.F.R. § 300.511; N.Y. Educ. Law § 4404(1)(a); 8 N.Y.C.R.R. §§ 200.5(i)-(j). An IHO is then assigned. *See* N.Y. Educ. Law § 4404(1)(c); 8 N.Y.C.R.R. §§ 200.1(x), 200.2(b)(9), 200.2(e)(1), 200.5(j)(3). At the impartial hearing, the parties have the right to be accompanied and advised by counsel; present evidence and confront, cross-examine, and compel the attendance of witnesses; seek to prohibit introduction of any evidence at the hearing that was not disclosed at least five business days before the hearing; and obtain a verbatim record of the proceeding. *See* 20 U.S.C. §§ 1415(f)(2), 1415(h)(1)-(3); 34 C.F.R. §§ 300.512(a)(1)-(4); 8 N.Y.C.R.R. §§ 200.5(j)(3)(v), (vii), (xii). At the conclusion of the impartial hearing, the IHO must render a final decision, which is binding upon both parties unless appealed to the SRO. *See* 20 U.S.C. § 1415(i)(1)(A); N.Y. Educ. Law § 4404(2).

Any party aggrieved by an IHO's decision in New York can appeal to a SRO within NYSED's Office of State Review ("OSR"). *Id.* SROs are required to conduct an "impartial review" and make an "independent decision." 20 U.S.C. § 1415(g); 34 C.F.R. § 300.514(b).

3

SROs are independent of, and do not report to, the NYSED office responsible for the general supervision of educational programs for students with disabilities. *See* N.Y. Educ. Law § 4404(2); 8 N.Y.C.R.R. §§ 200.5(k), 279.1-279.14.

As relevant here, an SRO is expressly empowered to "grant specific extensions of time beyond the periods set out … at the request of either party" to issue a final decision with respect to an appeal from an IHO's decision. *See* 8 N.Y.C.R.R. §§ 200.5(k)(2), 279.10(e).

Moreover, during the pendency of the impartial hearing, unless the local school district and parents otherwise agree, "the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j); N.Y. Educ. Law § 4404(4)(a). An IHO may address challenges to the child's pendency placement as part of the impartial hearing process. OSR has jurisdiction to hear an appeal on the issue of pendency—and only that issue—on an interlocutory basis under 8 N.Y.C.R.R. § 279.10(d). The SRO's decision may, in turn, be challenged in federal or state court. *See* 20 U.S.C. §§ 1415(i)(1)(B), 1415(i)(2)(A); 34 C.F.R. §§ 300.514(d), 300.516; N.Y. Educ. Law § 4404(3). The reviewing court receives the administrative record, hears additional evidence at the request of a party if warranted, and grants appropriate relief. *See* 20 U.S.C. § 1415(i)(2)(C).

## II.    PLAINTIFF'S ALLEGATIONS.[2]

Plaintiff Crysal Crosley is the parent to Z.C.—a disabled child who the NYCDOE has classified as a student with a traumatic brain injury. Amended Complaint ("A.C."), ECF No. 24 ¶¶ 177-78. Z.C.'s "medical and educational profile" includes cerebral palsy and developmental

---

[2] Solely for the purpose of this Motion, "[t]he facts alleged in the Complaint are taken as true …, except that a court need not accept a complaint's allegations when they are contradicted by documents properly before the court." *Avila v. 1212 Grant Realty, LLC*, 2019 WL 4805333, at *1 (S.D.N.Y. Sept. 30, 2019).

delay, "along with significant physical, communication, functional, and developmental needs." *Id.* ¶ 178. Plaintiff unilaterally placed Z.C. at iBRAIN (*id.* ¶ 204), where Z.C. has been enrolled since April 2021 (*see* ECF No. 1-4, p. 3 n.1). Z.C.'s alleged educational program at iBRAIN includes an 8:1+1 special class, individualized instruction, a 1:1 paraprofessional, assistive technology, occupational therapy, physical therapy, speech-language therapy, music therapy, and "other related services necessary to address her unique needs," including transportation services. A.C. ¶¶ 184, 186-87.

**January 2024 IHO Findings of Fact and Decision**

Following a due process complaint filed by Plaintiff on behalf of Z.C., an IHO found that NYCDOE denied Z.C. a FAPE for the 2023-24 school year. *Id*. ¶¶ 197-198, 201. The January 24, 2024 decision further found that iBRAIN was an appropriate placement for Z.C. *See id*. ¶¶ 205, 209. The NYCDOE was ordered to reimburse Plaintiff for any "amounts already paid for Z.C.'s attendance at iBRAIN, related services, and special transportation for the 2023-24 school year" and to directly pay the remainder of the cost for attendance, services, and transportation. *Id*. ¶¶ 225-26. NYCDOE did not appeal the IHO's January 2024 finding and decision. *Id*. ¶ 239.

**July 2024 Due Process Complaint**

Prior to the 2024-25 school year at iBRAIN, Plaintiff allegedly notified NYCDOE that Z.C. was going to continue at iBRAIN and she would seek public funding for Z.C.'s placement at the school. *Id.* ¶¶ 341-42. On July 2, 2024, Plaintiff filed a due process complaint for the 2024-25 school year, allegedly invoking Z.C.'s pendency rights pursuant to the January 24, 2024 IHO finding and decision. *Id.* ¶¶ 343, 345-46, 357. An IHO oversaw the independent administrative hearings on November 21, 2024 and April 10, 2025. *Id.* ¶¶ 386-87.

5

a. June 2025 IHO Findings of Fact and Decision

On June 27, 2025, the IHO issued their Findings of Fact and Decision, which maintained Z.C.'s pendency at iBRAIN. *Id.* ¶¶ 398-99, 401. The IHO upheld pendency based on the prior January 2024 IHO decision, and ordered NYCDOE to continue funding, "via pendency," Z.C.'s attendance at iBRAIN, related educational services, and transportation expenses of a provider preferred by Plaintiff. *Id.* ¶¶ 400-401.

b. April 2026 SRO Decision

Plaintiff alleges to have appealed "adverse portions" of the June 27, 2025 IHO findings to OSR, including the IHO's "denial of transportation funding on the merits" and "denial of funding for an independent neuropsychological evaluation." *Id.* ¶¶ 421, 423-24. Allegedly, NYCDOE "cross-appealed from the IHO's pendency determination" and the "determinations concerning equitable considerations," specifically objecting to the increased cost of tuition at iBrain and transportation funding, which could affect placement. *Id.* ¶¶ 425, 430-31. Neither Plaintiff nor NYCDOE allegedly appealed the IHO's finding that "pendency services were based on the … January 24, 2024 [IHO decision]." *Id.* ¶ 436.

On April 28, 2026, the SRO upheld the January 24, 2024 IHO decision with respect to Z.C.'s pendency, and further ordered NYCDOE to fund Z.C.'s costs of tuition and services at iBRAIN and transportation services with Plaintiff's chosen provider. *Id.* ¶¶ 445-46. The decision also ordered NYCDOE to pay for an independent neuropsychological evaluation for Z.C. *Id.* ¶ 78. The SRO found that DOE had not cross-appealed the June 27, 2025 IHO finding that DOE had failed to offer Z.C. FAPE for the 2024-25 school year nor did the NYCDOE appeal the

6

finding that iBrain was an appropriate placement for Z.C. for the 2024-25 school year. *Id*. ¶¶ 434-35.

The SRO found that the parties' equitable considerations were moot because "pendency supplied the relief Parent sought for the 2024-2025 school year." *Id*. ¶ 472. Z.C.'s placement at iBRAIN was not disrupted during the administrative proceedings, which took place over the course of almost the entire school year, and the SRO could not provide Plaintiff with any further relief. *See id*. ¶ 473.

**2025-26 Due Process Complaint**

In July 2025, Plaintiff filed a due process complaint for Z.C.'s 2025-26 school year at iBRAIN. *Id*. ¶ 758. Prior to filing that due process complaint, Plaintiff allegedly provided notice to NYCDOE that she disagreed with its proposed placement for Z.C. and sought continued placement for Z.C. at iBRAIN. *See id*. ¶ 760. The due process complaint references an October 20, 2025 IHO Findings of Fact and Decision which included a pendency order for Z.C., but denied in part the parent's request for tuition and special transportation funding. *See id*. ¶ 129. That IHO decision was appealed on October 27, 2025.[3] *Id.*

On the basis of these allegations, Plaintiff brings claims against the City and State Defendants. Plaintiff seeks equitable relief and damages to enforce the SRO decision upholding NYCDOE's obligation to fund Z.C.'s iBRAIN tuition, related services, transportation, and

---

[3] The April 2026 SRO Decision, which considered Z.C.'s 2024-25 pendency placement, includes a footnote disclaiming that "an appeal involving [Z.C.'s] 2025-26 school year [was] [ ] pending with the Office of State Review." ECF No. 1-4, p. 17 n.14. Plaintiff claims that NYSED procedurally denied Z.C. with FAPE for the 2025-26 school year, however, that due process complaint is not at issue in this case. Moreover, Plaintiff has already brought a separate federal action contesting the same issues regarding NYCDOE's delay in implementing students' pendency placements and pendency payments for the 2025-26 school year. A.C. ¶¶ 127, 129, 148, 567. The other federal action also contests NYCDOE's alleged noncompliance with funding Z.C.'s special transportation services. *Id*. ¶ 393.

neuropsychological evaluation, "[d]eclare that the SRO's mootness ruling does not eliminate Plaintiff's live claims for full contract-based relief, including fees," "award late fees caused by or increased by NYSED/OSR's extension practice," "[d]eclare that NYSED/OSR's extension and delayed-review practices violated the IDEA and state regulations … [and] Article XIII [*sic*] of the New York State Constitution," and "[d]eclare that NYSED/OSR may not permit administrative appeal posture, extension practice, late-answer practice, or cross-appeal posture to operate as a practical stay of pendency." *Id.* ¶¶ B, K, N, V, FF, GG, II.

<u>ARGUMENT</u>

## I.    PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE THE CLAIM AGAINST THE STATE DEFENDANTS

Plaintiff's claims against the State Defendants should be dismissed because Plaintiff lacks Article III standing to assert them. "To satisfy Article III's standing requirement, a plaintiff must demonstrate: (1) injury-in-fact, which means an actual or imminent and concrete and particularized harm to a legally protected interest; (2) causation of the injury, which means that the injury is fairly traceable to the challenged action of the defendant; and (3) redressability, which means that it is likely, not speculative, that a favorable decision by a court will redress the injury." *Knight v. City of New York*, 164 F.4th 173, 177-78 (2d Cir. 2026) (quoting *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95 (2d Cir. 2018)) (internal quotations omitted). Plaintiff fails to satisfy any of these elements.

Indeed, while Plaintiff has filed a 165-page amended complaint, containing nearly 1,700 paragraphs of allegations, she fails to identify a single specific injury caused by the State Defendants or that could be redressed by the State Defendants. Instead, the vast majority of Plaintiff's sprawling pleading involves complaints relating to NYCDOE, NYCDOE's actions

8

and inactions, and relief sought from NYCDOE. And despite a 48-paragraph "prayer for relief," the sole relief Plaintiff seeks as against the State Defendants is a declaration that "NYSED/OSR's extension and delayed-review practices violated the IDEA and state regulations [and Article XIII, the education article, of the Constitution of the State of New York] as applied to Z.C." (A.C. ¶ FF); an award of late fees "caused or increased by NYSED/OSR's extension practice…" (*id.* ¶ V); a declaration that "NYSED/OSR should preclude "administrative appeal posture, extension practice, late-answer practice, or cross-appeal posture to operate as a practical stay of pendency" (*id.* ¶ GG); "appropriate equitable relief to remedy . . . NYSED/OSR's delayed-review practices as applied to Z.C." (*id.* ¶ II); and certain discovery (*id.* ¶¶ SS, TT). This is wholly insufficient to assert a cognizable, redressable injury.

Plaintiff seeks relief against the State Defendants solely "because the claims concern state-level review structure, timing, extension practice, and prospective relief." *Id*. ¶ 1667. First, "[v]iolation of a statute, standing alone, does not automatically constitute an injury-in-fact." *Zafrani v. Aviles-Ramos, et al.*, 2026 WL 1470236, at *2 (S.D.N.Y. May 26, 2026) (citing *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 544 (2020). Second, as discussed above, that same statute expressly empowers an SRO to grant extensions in a pendency hearing at the request of either party. *See* 8 N.Y.C.R.R. §§ 200.5(k)(2), 279.10(e). Because Plaintiff relies on this timeline argument to assert an injury, she fails to satisfy the Article III standing requirement.

Moreover, Plaintiff seeks declaratory and injunctive relief, *inter alia*, (1) enforcing the April 2026 SRO Decision, (2) reversing, modifying, or clarifying the SRO's mootness analysis as to Plaintiff's "live claims for full contract-based relief," (3) ordering Z.C.'s pendency placement and services carry forward, (4) declaring that "NYSED/OSR's extension and delayed-

9

review practices violated the IDEA and state regulations," as well as Article XIII [*sic*], the education article, of the New York State Constitution, (5) and prohibiting "administrative appeal posture, extension practice, late-answer practice, or cross-appeal posture to operate as a practical stay of pendency." A.C. ¶¶ J, M, N, X, FF, GG. But "[p]laintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)).

First, there is simply no "real or immediate threat" of injury to Plaintiff. As Plaintiff acknowledges, the SRO Decision "recognized that there was no basis to disturb the determination that NYCDOE must fund Z.C.'s iBRAIN tuition, related services, and transportation through Parent's chosen provider," as well as reimburse Plaintiff for any payments made for Z.C.'s attendance and related services. A.C. ¶¶ 520-21, 1658. And the cursory allegation that the State Defendants engage in "hearing-system and review-system practices that deny timely IDEA protections in pendency matters" (*id.* ¶ 36), even if accepted as true, is completely divorced from any real or immediate threat Plaintiff faces in this case. Indeed, only two months ago, this court rejected a nearly identical argument (made by the same counsel representing Plaintiff here), and dismissed a case against NYSED, because a vague, speculative allegation that SROs routinely permit unlawful extensions, delay decisions, or fail to enforce timelines is insufficient to confer standing. *See Zafrani,* 2026 WL 1470236, at *2 ("Unable to point to some other injury, Plaintiff cannot rely on these timelines alone to seek relief requiring the State Defendants to implement far-reaching changes to their practices and procedures."); *see also*, *e.g.*, *Nicosia,* 834 F.3d, at 239 (past injuries "do not confer standing to seek injunctive relief

10

unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way").

Second, there is simply no injury that can be attributed to or redressed by the State Defendants. The SRO found that the parties' claims were moot because "pendency supplied the relief Parent sought for the 2024-2025 school year," which Plaintiff acknowledges was a favorable decision for her. A.C. ¶¶ 472, 474. Any remaining dispute pertains to Z.C.'s continued placement at iBRAIN, the cost of tuition and services, and contractual fees Plaintiff accrued as a result of Z.C.'s pendency placement at iBRAIN, which are issues between Plaintiff and NYCDOE. Nothing in the Amended Complaint addresses any harm Plaintiff has suffered due to the State Defendants, or any harm that could be redressed by the State Defendants. [4]

Third, this Court cannot redress any injury to Plaintiff allegedly caused by State Defendants because Plaintiff, in fact, seeks the Court's *enforcement* of the SRO's 2026 decision "requiring DOE and Chancellor Samuels to implement the SRO's pendency determination, including full funding of Z.C.'s iBRAIN tuition, related services, and special transportation through Parent's chosen provider" and "to fund the independent neuropsychological evaluation[.]" *Id.* ¶¶ 1392-93.

---

[4] To the extent Plaintiff claims that "OSR delay and extension practice increased Parent's late-fee exposure" that is insufficient to confer standing, because (a) that is not a concrete injury nor is it attributable to the State Defendants and (b) there is no cognizable claim for monetary damages against the State Defendants. Indeed, "monetary damages are not available under the IDEA" and any other claim for damages Plaintiff purports to bring against the State Defendants, including under the New York State Education Law, would be barred by the Eleventh Amendment. *See Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 486 (2d Cir. 2002); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.A. v. Bd. of Educ., Cent. Islip Union Free Sch. Dist.*, 196 F. Supp. 2d 259, 263-66 (E.D.N.Y. 2002), *aff'd*, 386 F.3d 455, 457 (2d Cir. 2004) (noting the district court had "dismissed all monetary claims against SED for alleged past violations of federal law, whether such relief was sought under the IDEA, Section 504, or through § 1983; and dismissed plaintiffs' separate claim under the New York State Education Law on the ground that the claim was barred by the Eleventh Amendment").

11

As such, Plaintiff cannot claim to have been injured by or face imminent injury from the State Defendants. Plaintiff's claim against the State Defendants must therefore be dismissed.

## II.    THE AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST THE STATE DEFENDANTS UNDER RULE 12(b)(6) BECAUSE THE STATE DEFENDANTS ARE NOT PROPER PARTIES TO THIS CASE

For more than three decades, district courts in New York have uniformly held that NYSED and its subdivisions (*i.e.*, the State Defendants) are not proper parties to a lawsuit under the IDEA concerning the alleged shortcomings of a local educational agency's actions in an individual case. *See, e.g.*, *De Paulino v. NY City Dep't of Educ.*, 2019 WL 2499204, at *2 n.4 (S.D.N.Y. May 31, 2019) ("[A]s numerous cases have held, New York state, its agencies, and officers are not proper defendants in an action … seeking judicial review of an administrative decision under the IDEA.") (internal quotations omitted); *Avaras v. Clarkstown Cent. Sch. Dist.*, 2018 WL 4964230, at *16-17 (S.D.N.Y. Oct. 15, 2018) ("The [NYSED] is not a proper or necessary party to [p]laintiff's IDEA claims."); *Y.D. v. N.Y.C. Dep't of Educ.*, 2016 WL 698139, at *3 (S.D.N.Y. Feb. 19, 2016) (explaining that "[b]ecause the SED and its representatives are not 'parties to the underlying dispute' for the purposes of Section 1415, they are not proper parties to a private lawsuit brought pursuant to that section"); *J.E. v. Chappaqua Cent. Sch. Dist.*, 2015 WL 4934535, at *7 (S.D.N.Y. Aug. 17, 2015) ("NYSED is not a proper or necessary party" where plaintiff sought "judicial review of an administrative decision by the SRO" regarding whether the District provided FAPE and whether plaintiffs are entitled to a tuition reimbursement); *B.J.S. v. State Educ. Dep't*, 699 F. Supp. 2d 586, 599-604 (W.D.N.Y. 2010) (NYSED's "authority to assure compliance with the [IDEA] by local school districts does not render them defendants in an action to review a determination of an SRO in a challenge to a

12

particular child's IEP."); *Adrian R. v. N.Y.C. Bd. of Educ.*, 2001 WL 1175103, at *1 (S.D.N.Y. Oct. 2, 2001); *Yamen v. Bd. of Educ. of Arlington Cent. Sch. Dist.*, 909 F. Supp. 207, 210-11 (S.D.N.Y. 1996); *Bruschini v. Bd. of Educ. of Arlington Cent. Sch. Dist.*, 1995 WL 807107, at *2 (S.D.N.Y. May 16, 1995) ("It is clear to the Court that both the Commissioner and New York [State] Education Department should be dismissed from this action. If Plaintiff prevails, she will obtain complete relief from the local board of education."); *Dorian G. v. Sobol*, 1994 WL 876707, at *3 (E.D.N.Y. Jan. 28, 1994); *Larach-Cohen v. Porter*, 2021 WL 1203686, at *2 (S.D.N.Y. Mar. 30, 2021) ("Courts in this circuit have held that NYSED is not a proper party for claims brought pursuant to [the IDEA] because local educational agencies, not state agencies, are participants in the IEP process and are therefore the proper parties for any controversy over whether an individual was provided a FAPE."). All claims against the State Defendants should be dismissed based on this unbroken string of blackletter law.

The crux of Plaintiff's claims is a challenge to the local school district's provision of FAPE and the enforcement of administrative decisions upholding Z.C.'s pendency placement at iBRAIN and ordering NYCDOE to reimburse and directly fund Z.C.'s placement, transportation and educational services, and any accrued contractual late fees. But under the well-established case law, the State Defendants are not proper parties to such claims. *See, e.g., De Paulino*, 2019 WL 2499204, at *2 n.4; *Avaras*, 2018 WL 4964230, at *16-17.

Indeed, "[c]ourts have … consistently held that the IDEA's private right of action does not authorize claims against State agencies that are rooted in the State's general supervisory role under the IDEA." *Y.D.*, 2016 WL 698139, at *5 (collecting cases); *Ascent: a Sch. for Individuals With Autism v. New York State Educ. Dep't* 2019 WL 2439431, at *9 (E.D.N.Y. Mar. 4, 2019),

13

*R&R adopted*, 2019 WL 1466901 (E.D.N.Y. Mar. 31, 2019) ("It would be odd indeed if the state agency given discretion to monitor compliance with a statute were forced to shoulder the burden of establishing the adequacy of its efforts when confronted with merely a complaint in federal court."). Thus, "claims against the [NYSED] will not lie based merely on its general supervisory role." *Avaras v. Clarkstown Cent. Sch. Dist.*, 2019 WL 4600870, at *14 (S.D.N.Y. Sept. 21, 2019). This longstanding doctrine applies with equal force with respect to conclusory allegations—like those asserted by Plaintiff—that the State Defendants did not meet their statutory responsibilities under the IDEA, especially when those allegations are contradicted by a statute which gives an SRO the exact power to take certain actions like granting extensions of time during the administrative hearing process. *See Mr. & Mrs. B v. Bd. of Educ. of Syosset Sch. Dist.*, 1998 WL 273025, at *4 (E.D.N.Y. Jan. 15, 1998) ("broad and conclusory allegations that NYSED has failed to meet its statutory responsibilities do not state a claim under the IDEA").

Plaintiff asserts two primary claims against the State Defendants in an attempt to evade this clear restriction. First, that the SRO contributed to Z.C.'s procedural denial of FAPE by granting NYCDOE's request for an extension to file an answer and cross-appeal, which delayed state-level review and allegedly permitted NYCDOE to challenge Z.C.'s placement and withhold funds for her tuition and services. *See* A.C. ¶¶ 1069, 1079-81. Plaintiff brings this claim notwithstanding that the SRO is expressly empowered to grant such an extension. *See* 8 N.Y.C.R.R. § 200.5(k)(2) (SRO may "grant specific extensions of time beyond the periods set out … at the request of either party" to issue a final decision with respect to an appeal from an IHO's decision); 8 N.Y.C.R.R. § 279.10(e) (extensions of time to file an Answer and Cross Appeal are allowable "upon written notice to all parties, and upon good cause shown, ***which***

14

*shall be determined in the sole discretion of the State Review Officer*" (emphasis added)). And as discussed above, merely asserting a timeline violation fails to give Plaintiff standing. *See Zafrani*, 2026 WL 1470236, at \*2.

Second, Plaintiff claims that NYSED is liable to the extent this discretionary extension caused an alleged increase in contract late fees and attorneys' fees for Plaintiff, and allowed NYCDOE's withholding of funds for Z.C.'s placement. A.C. ¶¶ 25, 1075-79, V. However, Plaintiff's claims for damages as against the State Defendants fail because (1) any claim for damages is barred by the Eleventh Amendment, (2) monetary damages are unavailable under the IDEA, and (3) Plaintiff's alleged financial injuries are not the responsibility of the State Defendants. *See, supra*, n.4.

An IDEA action does not provide for awards of compensatory damages, but it may result in an order for reimbursement of cash payments made by parents for "retroactive payment *that a school district should have paid all along.*" *Wenger v. Canastota Cent. Sch. Dist.*, 979 F. Supp. 147, 151-52 (N.D.N.Y.1997), *aff'd*, 181 F.3d 84 (2d Cir. 1999) (citing *Burlington Sch. Comm. v. Dep't of Educ. of Massachusetts*, 471 U.S. 359, 370-71 (1985) (emphasis added); *see Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 484 (2d Cir. 2002) 484 ("[O]nce the parents' [IEP] challenge succeeds … consent to the private placement is implied by law, and the requirements of § 1415(j) become the responsibility of the school district."); *see also A.A. v. Bd. of Educ., Cent. Islip Union Free Sch. Dist.*, 196 F. Supp. 2d, at 263-64. Because Plaintiff is alleging that Z.C. was denied FAPE and pendency under the IDEA, her claims are solely against the local district, not the State Defendants.

To the extent Plaintiff asserts this claim under a breach of contract theory—Z.C.'s unpaid

15

tuition payment was allegedly due to NYCDOE's challenge to pendency and administrative delays, which caused Plaintiff to incur late fees (*see, e.g., id.* ¶¶ 16, 45, attaching Z.C.'s iBRAIN enrollment and transportation contract)—this argument fails because the State Defendants are not a party to any contract with Plaintiff, and thus, cannot be liable to Plaintiff for "contract-based late-fee obligations" caused by delayed payments to iBRAIN. *See* A.C. ¶¶ 18, 33; *see Sterling Select II Advisory, LLC v. Argus Info. and Advisory Svcs., Inc.,* 2026 WL 734047, at *23 (S.D.N.Y. Mar. 16, 2026) ("Clearly a breach can only occur when one is under an obligation to perform in the first instance," meaning that where a defendant "was not a named party to the Agreement ..., as a matter of law, [it] cannot be held accountable for the alleged breach.") (quoting *Stratton Grp., Ltd. v. Sprayregen*, 458 F. Supp. 1216, 1218 (S.D.N.Y. 1978); *Rimini v. J.P. Morgan Chase & Co., et al.*, 2025 WL 3059591, at * 5 (S.D.N.Y. Nov. 3, 2025) ("Before defendant may be held accountable for the breach of a contract, it must be demonstrated that he was a party thereto.") (internal citation omitted). The State Defendants cannot be held financially responsible for any breach of contract or non-performance claim for which a local school district is the proper party.

The State Defendants respectfully request all claims be dismissed against them because they are not proper parties to this suit between Plaintiff and NYCDOE, and Plaintiff fails to state a claim for any violation by the State Defendants.

### III.    THE AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST THE STATE DEFENDANTS UNDER FRCP 20-21 BECAUSE THE STATE DEFENDANTS WERE NOT PROPERLY JOINED IN THIS CASE

FRCP 20 provides that parties can only be joined in one action as defendants if two

requirements are met:[5] *first*, if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences"; and *second*, if "any question of law or fact common to all defendants will arise in the action." FRCP 20(a)(2); *see also United States ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*, 8 F. Supp. 3d 339, 344 (S.D.N.Y. 2014) (holding joinder was improper where plaintiff failed to meet both prongs of FRCP 20(a)(2) and "assert[ed] that the defendants merely committed the same type of violation in the same way"). "Rule 20 is not satisfied merely by naming defendants in a pleading that have no relationship other than that they violated some law against the same plaintiff." *Stein v. U.S. Dep't of Educ.*, 2019 WL 13221255, at *2 (E.D.N.Y. May 22, 2019), *R&R adopted* (Oct. 10, 2019) (citation omitted). Neither prong is met here, warranting dismissal of the claims against the State Defendants.

Plaintiff's purported causes of action against the State Defendants are entirely separate and distinct from her causes of action against the NYCDOE and OATH defendants in this case, in terms of both the matters at issue and the relief sought.

Specifically, Plaintiff maintains that it was harmed by, *inter alia*, the following actions by NYCDOE:

1. Failure to implement Z.C.'s pendency placement at iBRAIN and fully fund Z.C.'s placement, services, and transportation at iBRAIN for the 2024-25 and 2025-26 school years (A.C. ¶¶ 1344-45, 1372-73);

2. Unlawfully withholding "pendency funding unless and until a new IHO order fully determines the scope of DOE's pendency obligations" (*id.* ¶ 1418);

---

[5] FRCP 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

3. Refusal to fund transportation services for Z.C. through Plaintiff's chosen provider (*id*. ¶ 1420);

4. Failure to "fund contractual installment obligations when due," causing an accrual of late fees" (*id*. ¶¶ 1453, 1455, 1458);

5. Failure to provide Z.C. with FAPE for the 2024-25 and 2025-26 school years by refusing to implement Z.C.'s automatic pendency rights (*id*. ¶¶ 1482, 1484, 1529, 1535); and

6. Deprived Z.C. of pendency placement as part of a "policy, custom, practice, ratification, deliberate indifference, and failure to train or supervise" (*id*. ¶¶ 1598-99).

In regard to the OATH defendants, Plaintiff maintains that it was harmed by, *inter alia*, the following actions:

1. Delayed adjudication of administrative hearing by granting NYCDOE extension request, which "caused or increased Parent's late-fee exposure" (*id*. ¶ 1439);

2. Procedurally denied FAPE for the 2024-25 and 2025-26 school years by deferring Z.C.'s pendency claim "into the merits process" and not issuing a standalone pendency order (*id*. ¶¶ 1485-87, 1515, 1526); and

3. Violated IDEA and state regulations in its "hearing administration, pendency deferral, compliance-date handling, resolution-meeting handling, and extension practice" (*id*. ¶ 1627).

However, none of these actions have any relation to the State Defendants. In fact, Plaintiff is asking this Court to order NYCDOE's compliance with the SRO's 2026 decision that maintained Z.C.'s pendency at iBRAIN, and funding for her attendance, services, transportation,

18

and neuropsychological evaluation. *Id.* ¶¶ 1384, 1387-88. To the extent Plaintiff alleges harm by the State Defendants, it is limited to meritless financial claims: (1) Discretionary extensions and administrative delays resulted in NYCDOE's denial of funding for Z.C.'s iBRAIN tuition and educational services, and; (2) Plaintiff was "exposed" to late fees because the SRO extended NYCDOE's time to answer and cross-appeal in the review hearing, which extended the decision due date. *See id.* ¶¶ 864-866, 1067, 1081, 1489-91, 1530.

Plaintiff's claim against the NYCDOE Defendants is focused on Z.C.'s pendency placement and contractual financial obligations, and her claim against the OATH defendants contests their decision to extend NYCDOE's deadline to answer and cross-appeal Plaintiff's due process complaint. In contrast, the root of Plaintiff's claim against the State Defendants stems from a single extension of time granted by the SRO concerning Plaintiff's underlying pendency claim complaint. There is no nexus whatsoever between the State Defendants' operations, decisions, or duties and the other defendants' alleged operations, decisions, or duties pertaining to Z.C.'s pendency placement, financial obligations to maintain that placement, or Plaintiff's prior due process requests invoking pendency placement. Nor is there any action alleged to have been undertaken by the State Defendants that has any relevance whatsoever to the Court's adjudication of the appropriate pendency placement, funding, or any other educational issue related to Z.C. As discussed above, *see supra* at 11, the State Defendants have no authority or ability to redress any purported injury with respect to those issues. And a single extension of time, granted during an administrative process to one party by an SRO—who is independent of, and does not report to, NYSED (*see* N.Y. Educ. Law § 4404(2); 8 N.Y.C.R.R. §§ 200.5(k), 279.1-279.14)—cannot form the basis of a claim under these circumstances against the State

19

Defendants.

Thus, all claims against the State Defendants should be dismissed for the separate reason that they were not properly joined in this case, as there is no "question of law or fact common to all defendants … in the action." FRCP 20(a)(2); *see also Taconic Hills Cent. Sch. Dist.*, 8 F. Supp. 3d at 344.

## IV.    PLAINTIFF'S STATE CONSTITUTIONAL CLAIMS FAIL AS A MATTER OF LAW

Plaintiff's attempt to add a claim under the New York State Education Article fares no better. Plaintiff claims that the State Defendants failed "to provide Plaintiff a sound basic education," and "ensure sufficient financial resources are provided to support students in pendency placements and/or where the [NYC]DOE has been found to have failed to provide a FAPE." *See* A.C. ¶¶ 1059, 1081. But this claim fails on several independent grounds. First, Plaintiff's state constitutional claims against the State Defendants are barred by the Eleventh Amendment. *See, e.g., Doe v. State Univ. of New York Purchase Coll.*, 617 F. Supp. 3d 195, 211 (S.D.N.Y. 2022) ("New York has not prospectively waived its immunity for claims brought pursuant to the New York State Constitution."); *Schuler v. Bd. of Educ. of Cent. Islip Union Free Sch. Dist.*, 2000 WL 134346, at *4 (E.D.N.Y. Feb. 1, 2000) ("the Eleventh Amendment precludes this Court from hearing plaintiffs' claim that the Commissioner violated the Education Article of the New York State Constitution.").

Second, Plaintiff fails to state an Education Article claim. The Education Article of the New York State Constitution requires the State Legislature to "provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated." N.Y. Const. art. XI, § 1. To state such a claim, a plaintiff must allege facts showing,

20

*inter alia*, a "gross and glaring inadequacy" in the quality of education provided on a district-wide level. This requires allegations "that the State fails to provide [plaintiffs] a sound basic education in that it provides deficient inputs—teaching, facilities and instrumentalities of learning—which lead to deficient outputs such as test results and graduation rates" as well as a causal connection between the deficient inputs and a district's educational outputs. *IntegrateNYC, Inc. v. State*, 45 N.Y.3d 176, 185-186 (2025). Plaintiff fails to meet a single one of these elements. *See Ramos v. Banks*, 2025 WL 1455703, at *6 (S.D.N.Y. May 21, 2025), *aff'd in part, appeal dismissed in part*, 2026 WL 1346852 (2d Cir. May 14, 2026) (dismissing iBrain's Education Article claim). Therefore, Plaintiff's state constitutional claims fail as a matter of law.

## CONCLUSION

For the foregoing reasons, the State Defendants respectfully request that the Court dismiss all claims asserted in the Amended Complaint against them, with prejudice, and grant such other and further relief as it deems to be just and proper.

Dated: New York, New York
July 27, 2026

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendants*
By:
   */s/ Elizabeth McCullough-Sanden*
Elizabeth McCullough-Sanden
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8674
Elizabeth.McCullough-Sanden@ag.ny.gov

21

## **WORD CERTIFICATION**

In accordance with the Court's Individual Rules and Practices and Local Civil Rule 7.1(c), I hereby certify that this memorandum of law contains 6,283 words, exclusive of caption and signature block and complies with the word count limit in that Rule, as established using the word count function of Microsoft Word.

 */s/ Elizabeth McCullough-Sanden*
Elizabeth McCullough-Sanden
Assistant Attorney General

22