UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRYSAL CROSLEY, individually and as parent and natural guardian of Z.C., a student with a disability,<br><br>Plaintiff,<br><br>-v-<br><br>KAMAR H. SAMUELS, in his official capacity as Chancellor of the New York City Department of Education, et al.,<br><br>Defendants. | 26-CV-03901 (JAV)<br><br><u>ORDER</u> |

JEANNETTE A. VARGAS, United States District Judge:

On July 27, 2026, Defendants New York State Education Department ("NYSED"), the Office of State Review ("OSR"), and Dr. Betty A. Rosa, the New York State Commissioner of Education (collectively, the "State Defendants") filed a Motion to Stay Discovery pending resolution of its Motion to Dismiss the Amended Complaint (ECF No. 24). *See* ECF No. 27. In its Motion to Dismiss, Defendant argues, *inter alia*, that Plaintiff lacks standing, the State Defendants are not proper parties to this action, and the State Defendants were improperly joined. ECF No. 26.

A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)). Good cause for a stay of discovery while a motion to dismiss is pending is assessed through the

application of the following three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-1581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023); see also *Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). "The burden of showing good cause . . . falls on the party seeking the order" for a stay of discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

The Court finds that there is good cause to stay discovery in this matter. As to the first prong, the Court does not opine on the merits of the pending Motion to Dismiss but does recognize that the State Defendants raise substantial arguments that the Court lacks jurisdiction over this matter. In terms of the second factor, the breadth and burden of responding to discovery could be significant. Plaintiff's amended complaint is 165 pages, comprised of over 1,600 paragraphs. The discovery pertaining to the State Defendants is potentially broad, burdensome and voluminous. If discovery is not stayed, the parties could engage in expensive litigation which could be rendered moot if the Court grants the Motion to Dismiss.

The last factor also weighs in favor of a stay. The litigation is still in its early stages as the Amended Complaint was filed on July 9, 2026. *See* ECF No. 24. Notably, Plaintiff has not opposed the motion.

Accordingly, the State Defendants' Motion to Stay Discovery is GRANTED. All discovery deadlines, with respect to the State Defendants, are currently stayed. The Clerk of the Court is directed to terminate ECF No. 27.

SO ORDERED.

Dated: August 24, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge