UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRYSAL CROSLEY, individually and as parent and natural guardian of Z.C., a student with a disability,

Plaintiff,

-v-

KAMAR H. SAMUELS, in his official capacity as Chancellor of the New York City Department of Education, et al.,

Defendants.

26-CV-03901 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

On August 26, 2026, Defendants Kamar H. Samuels, the Chancellor of the New York City Department of Education ("NYCDOE"), NYCDOE, the Office of Administrative Trials and Hearings ("OATH"), Vilda Vera Mayuga, the Commissioner and Chief Administrative Law Judge of OATH, Noel R. Garcia, the Deputy Commissioner of OATH's Special Education Hearings Division, and William Stewart, the Assistant Commissioner of OATH's Special Education Hearings Division (collectively, the "City Defendants") filed a Motion to Stay Discovery pending resolution of its Motion to Dismiss the Amended Complaint (ECF No. 24). *See* ECF No. 36. In their Motion to Dismiss, Defendants argue, *inter alia*, that Plaintiff's claims are moot, Plaintiff's school year 2025-2026 claims are duplicative of the pending action *Bruckauf v. Aviles-Ramos*, No. 25-CV-05679 (KPF), OATH is not amenable to suit, Plaintiff's request for enforcement of an administrative judgment is unripe, and Plaintiff fails to state a claim for municipal liability. ECF No. 32. In light of the pending motion, Defendants contend that a stay of discovery is warranted because their dismissal arguments are strong, discovery

could be burdensome, and Plaintiff will not be prejudiced by a stay.

A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)). Good cause for a stay of discovery while a motion to dismiss is pending is assessed through the application of the following three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-1581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023); see also *Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). "The burden of showing good cause . . . falls on the party seeking the order" for a stay of discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

The Court finds that there is good cause to stay discovery in this matter. As to the first prong, the City Defendants raise substantial arguments about mootness, duplication, and ripeness. Regarding the second factor, the burden of responding to discovery could be significant. Plaintiff admittedly brings claims "spanning two school years, multiple administrative proceedings, final administrative decisions, and systemic failures" by multiple City Defendants. ECF No. 37. If discovery is not stayed, the parties could engage in expensive litigation which could be rendered moot if the Court grants the Motion to Dismiss.

The last factor also weighs in favor of a stay. The litigation is still in its early stages as the Amended Complaint was filed on July 9, 2026. *See* ECF No. 24. Notably, Plaintiff does not "categorically" oppose an "appropriately tailored" stay. ECF No. 37.

Accordingly, the City Defendants' Motion to Stay Discovery is GRANTED. All discovery deadlines are currently stayed. The Clerk of the Court is directed to terminate ECF No. 36.

SO ORDERED.

Dated: September 22, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge